UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CJ SOLUTIONS GROUP, INC., | Case No.:  19-CV-863-W-WVG |
| Plaintiff, | |
| v. | **ORDER ON JOINT MOTION TO EXTEND FACT DISCOVERY CUT-OFF** |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | |
| Defendant. | |

On December 4, 2019, the Parties filed a Joint Motion for Extension of Time to Complete Discovery. (Doc. No. 8.) As a threshold matter, Rule IV (E) of this Court's Civil Chambers Rules required the Parties to jointly inform Chambers of their discovery request and participate in a conference with the Court before initiating any motion practice. The Parties did not do so. Nevertheless, the Court declines to reject the Motion and instead DENIES it without prejudice for lack of good cause.

The Parties' request to modify the Court's August 19, 2019 Discovery and Pre-Trial Scheduling Order (Doc. No. 5) requires a showing of good cause. Fed. R. Civ. P. 16(b). The law makes clear that, absent this showing, a party's request to amend an operative scheduling order shall be denied. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The good cause standard "primarily considers the

diligence of the party seeking the amendment." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The Court's inquiry ends where the moving party fails to demonstrate diligence in its discovery efforts that would warrant amending the operative scheduling order. *Zivkovic*, *supra*, 302 F.3d at 1087 (citing *Johnson*, *supra*, 975 F.2d at 609).

The Joint Motion is void of any substantive detail as to what good cause exists to support the Parties' request that the Court continue the December 13, 2019 fact discovery cut-off by over one month. Substantively, all that the Motion offers is counsel's representation that "the Parties have been working cooperatively to complete discovery in the time allotted but need additional time to depose witness(es), many of whom do not reside in California." Without more, this single statement falls far short of establishing the Parties' diligence in discovery to justify modifying the operative scheduling order. The Motion leaves the Court in the proverbial dark regarding to what extent the Parties have, for example, propounded and responded to written discovery, noticed and taken depositions, and issued subpoenas, if at all. Thus, the Joint Motion lacks good cause.

In so finding, the Court acknowledges the Parties' apparent cooperation with one another throughout the discovery process and encourages them to continue in that spirit. To the extent the Parties wish to renew their Motion, they may do so upon setting forth the specific factual circumstances that demonstrate their diligence and that good cause exists to support modifying the operative scheduling order to continue the fact discovery cut-off.

**IT IS SO ORDERED.**

Dated: December 6, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge

19-CV-863-W-WVG