UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CJ SOLUTIONS GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendant. | Case No.: 19-CV-863-W-WVG <br><br> **ORDER ON JOINT MOTION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE** |

On August 19, 2019, this Court issued a Scheduling Order Regulating Discovery and Pre-Trial Proceedings in this matter (Doc. No. 5). In relevant part, the Order set a January 17, 2020 Mandatory Settlement Conference ("MSC"). Presently, just one week shy of the MSC, the Parties filed their January 9, 2020 Joint Motion to Continue the MSC Date (Doc. No. 10). The Joint Motion requests the continuance on the basis that a scheduling conflict prevents Defendant's representative from personally appearing before the Court on January 17, 2020.

Glaringly, the Joint Motion explains neither the reason for the Parties' extreme delay in bringing their request to continue the MSC nor, relatedly, the date on which Defendant first learned that a scheduling conflict had arisen. Equally notable, the Joint Motion is silent as to what efforts, if any, Defendant made to make its representative

1

available for the MSC after the scheduling conflict arose, to maintain compliance with the Court's Scheduling Order. In themselves, these deficiencies warrant this Court's denial of the Parties' Joint Motion, as the Parties have failed to delineate what diligent efforts they have made to satisfy the good cause standard that governs their Joint Motion. *Watson v. TruWest Credit Union*, 2013 WL 12124608 *1 (S.D. Cal. June 28, 2013) ("the Rule 16 good cause standard focuses on the 'reasonable diligence' of the moving party") (citing *Noyes v. Kelly Servs.*, 477 F.3d 1163, 1174 n.6 (9th Cir. 2007)); see also *Coleman v. Quaker Oats* Co., 232 F.3d 1271, 1294-1295) (9th Cir. 2000) (noting that Rule 16(b) scheduling orders may be modified for good cause based primarily on the movant's diligence).

Given the above circumstances, the Joint Motion falls far short of meeting the good cause standard under Federal Rule of Civil Procedure Rule 16. Nonetheless, the Court recognizes that the absence of Defendant's representative from the January 17, 2020 MSC will critically impair, if not altogether prevent, meaningful and productive settlement discussions. Accordingly, the Court hereby GRANTS the Joint Motion and hereby RESETS the MSC date to **Thursday, February 27, 2020, at 9:00 A.M.** All other dates, as memorialized in the Court's August 19, 2019 Scheduling Order, still stand.

**IT IS SO ORDERED.**

Dated: January 13, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge